The Fourth District Appellate Court of the State of Illinois has reconvened. The Honorable Eugene G. Doherty presiding. Good morning, or afternoon I guess we are now. The court is calling case number 4-24-1509 People v. Wallace. I will advise the parties that there is a full panel of three justices that will hear and decide this case, but one of our members could not make the argument today for reasons beyond that person's control. And that judge will review the tape of the argument and will participate fully in the decision. With that said, would counsel for the appellant please state your name for the record? Yes, your honor. Good afternoon. Adrienne River. And for the appellee? Good afternoon, your honor. David Matson with Illinois Appellate Prosecutor's Office. All right, thank you. Ms. River, you may proceed. Great, thank you. Your honors, I'd like to address issue one on reasonable doubt, and if there's time, depending on questions, also talk about issue two, the lay opinion. So the grooming offense here as charged has a very specific element. It's not soliciting any nude photo, but it is a photo of the sex organs. Other statutes in the criminal code demonstrate the obvious point that the legislature knows how to specify additional body parts in a statute. Sexual conduct is defined as including the touching of the sex organs, anus, or breast. The child pornography statute also has various body parts listed. In addition to sex organs, it refers to it as genitals, pubic area, buttocks, or female breast. So the state would have this court, in effect, to rewrite the statute to broaden its scope to include any nude photo, and that violates... Can you reconcile your position with the idea in People v. Hubbell that even if it isn't a direct request for the prohibited photo, that it is a first step towards it? Yeah, I mean, I disagree with the reasoning of Hubbell. I don't think that a request for one thing proves necessarily a request for a second thing. But in addition, there are a lot of factually... It's factually distinguishable. There are a lot of different facts. The defendant asked, sent a photo showing what he wanted. There were other statements that made it sound like he wanted to have a sexual relationship with this person. But here, we don't have any... There's no fact in this record from which you could reasonably infer either that he was asking for a nude photo, or that... Much less a nude photo of a sex organ, or that later... That's your second issue, right? About whether the evidence supports that his saying, send, is by a jargony phrase used by other folks, and which doesn't really have an innocent explanation, that that is a request for nudes. So let's put that away until the second issue. Yeah, well, my point was just that... If he had said, send me a nude photo, does that violate the statute? No. And there's no evidence... There isn't any other evidence like there was in Hubble, where you could conclude that he wanted ultimately to get a picture of the sex organ. Why was that present in Hubble and not here? Well, I disagree with the analysis of Hubble, but... Because all the defendant did there was ask... He sent a photo of his buttocks and said, it's your turn. So the evidence only showed that he requested that specific photo. The court said that based on these other facts in the case, that he wanted to get with the woman, that he referenced keeping a friendship type thing, indicating they had some more intent. So there are a lot of different facts there, but asking for one thing isn't an attempt to get another. So I submit that that case was incorrectly decided. There's very bare facts here. What do you find the reasoning for the grooming statute in the first place? The legislature decided that there was certain behavior that should be criminalized, and it decided that there were basically like three categories of grooming. And for whatever reason, the one type of grooming that's based on distributing photographs was limited to this very, very limited situation. I mean, I tried to find some information. I didn't see any information in the legislative history, but presumably this became an issue where people were asking other people to send them these kinds of pictures. And so this was an amendment. It wasn't in the original grooming statute. What do you think it means to seduce, solicit, lure, or entice, or attempt to do so? Well, he was accused of soliciting, and so soliciting is a specific intent crime where you are asking for, you want to have a certain result, and here the legislature's criminalizing as a felony the request for this particular photo. Now, under the grooming statute, what do you consider seduce, solicit, lure, or entice? Well, that modifies all of the later clauses. So, in this instance, soliciting the distribution of a photograph is asking the child for a photo of the of the sex organ. Okay, so until they make an express request for a sex organ, there is no crime. Yes, I mean, okay, the crime is to seduce, solicit, or attempt to do these things. So, there would be, so first of all, just to make clear, no witness ever testified that by saying send, that meant send a picture of a sex organ. No one ever testified to that. They did suggest it means send nudes. Yes, but if you ask for, and this argument, you know, assumes that that is, you know, just for purposes of issue one, that that is, you know, admissible testimony, but that's very different. You could get any kind of, you could get any kind of response from it, and this case is different. Like, I'm thinking of, you know, child pornography cases, and that there was no photo sent back, right? So, had a photo of a sex organ been sent, and he indicated somehow, like, yeah, that's what he wanted, that would be a totally different thing. But here we have one word, send, and there aren't any other facts, like in Hubble, to indicate that this is what he wanted. This is a very narrow... Isn't the argument in Hubble stronger for the defendant, because he sent a photo not of a sex organ, and said, now your turn. Isn't that more inferentially not requesting a photo of a sex organ than a general request, as was made here, and interpreted to mean nudes? Yeah, it was a very specific request. That's why I disagree with the court's analysis there. He asked for one thing, and they said that somehow this was a step in a process to get something else. There was not, there were no, there was, I don't believe that the other facts in that case would allow reasonable inference that he violated this statute by requesting a photograph of a sex organ. So, our case is different, in that he's just saying nude, but a nude could be, it could be anything. There are nude pictures of models where they aren't wearing clothes, but they're covering up, you know, certain parts of their body. So, it just isn't, there aren't any facts here that you could, anybody could reason, any trier fact could reasonably infer this is what he specifically intended. He has to ask, and I won't say specifically, but he has to ask in an understandable way for a photo of the sex organ. Is that what you're saying? That would be one way of meeting the burden of proof. What would be another? I, if there were some other communications where he referred to sex organs generally as something he wanted to get photos of, or like I said, if he got, if maybe the photo was sent, and that he showed approval of like, yeah, that's what, you know, that's what I wanted, something like that. I mean, it's hard to come up with all kinds of hypotheticals, but I mean, I would think there'd have to be, there'd have to be some other communication to show this is exactly what he wanted. But it can't, it can't be that there has to be a photo of the sex organs sent back, because... No, I'm just saying that would be an example of maybe in that kind of it may be an unsuccessful solicitation. So if it's an unsuccessful solicitation, how specific does the request need to be? I think it would have to be specific. It would be very difficult for the state to meet its burden of proof. Specific as to sex organs? Yes. I mean, that's what the crime is. So unless you reverse to it, or there's some other additional communications where he refers to wanting that kind of thing, like preceding this message of send, so there was some kind of context that you could reasonably infer that's what he meant. But just saying I want a nude doesn't, it doesn't meet that level of specificity. I mean, the legislature wrote this, they limited this, and the state has to prove this element beyond a reasonable doubt. And just a general request for a nude doesn't meet that standard. Can I ask you, I know the statute is labeled grooming. In regard to the photograph section, is the photograph of sex organs the object of the grooming, meaning steps are taken to produce that? Or is it viewed as that's grooming that could lead to other offenses, meaning that the photo would itself be the grooming? I mean, because it's, I think it's just that you are, the grooming is to get the photo. I mean, I see what you're saying that the idea of grooming is you are breaking down barriers in order to do something else. Right. But the way I read this, the plain language is that, nevertheless, you are committing grooming just by soliciting that photograph. And there doesn't have to be evidence of any kind of additional plan to commit sex offenses. It's a separate issue. And again, I don't know the background of this, but it's kind of strange actually to put it in a grooming statute because it's just the crime is just soliciting the distribution of, you know, getting that photograph. Does that answer the question? I think so. Thank you. Yeah. I mean, there's very little on case law on this, as we know. I mean, the trial court also, when referring to Hubble, talked about how, at a minimum, there was an attempt here. But if there's enough evidence in the first place to show that he requested the photo of a sex organ, how do we then conclude that, well, he had the intent to obtain it later? The same evidence and the request for one thing in these circumstances doesn't show that he had the intent at some point later. So I think that analysis was also misguided by the trial court. There's anything else on one? I can just briefly talk about issue two. So lay witness testimony is based on perception and not on specialized knowledge. That's in rule 701. I apologize for my brief. I had a typo. I kept saying rule 401 of evidence. So use of send in Snapchat message to mean a request for a nude photo is really specialized knowledge. There are all kinds of language, code words, abbreviations used in messaging. I looked some up. I know some of them. I don't know many others. WIP, work in progress. JIC, just in case. So people have to learn this vocabulary. I get that. I understand. I am hesitant, especially cross-generationally to assume that one person means the same thing as another group of persons would mean. However, the phrase he said doesn't offer up any other understanding of what it means. Right? Send? What does that mean? And I think that's different than if the phrase that they were using for the same thing was I'm hungry. Would we say, well, some people say that to mean I want you to send nudes. Well, maybe he's hungry. In this case, though, there's just not an understanding of what he could have meant. I feel like it's harder to look past what other folks recognize it to mean because that's what language is. I mean, but send could be I just want a photo. Just send. That's true. That's true in the abstract. But isn't the jury permitted to consider the reactions of each of the witnesses to the word send? Soon as K.V. sees that message, she knows what it meant. She asks her friend, Page, to take a picture of it to avoid alerting him to the fact that she's wanting to save it. Sean Dysher, the other teacher, upon seeing it, reports it to the administration. And the administrator, Summers, testifies that in her personal knowledge and experience, it's commonly known and accepted within the Snapchat community for the last 10 years that send in this context means to send nudes. Right. Well, I mean, there's a distinction between proper, you know, between lay opinion and expert opinion. And this is specialized knowledge. And none of these people testified or qualified as an expert. And they didn't qualify as lay opinion because they didn't testify as to their perception of defendant's use of that word. And I think the defendant himself said it was inappropriate. I mean, in his own statements, he talks about how he didn't think anything before last night and today became inappropriate, meaning up until I said sin. He said, I agree this looks really bad. Yes, I know. There's no other way to be taking it, he says. Well, he never said I intended to ask for a nude photo of a sex organ. Well, of course, that would be a confession. And we don't get those. Right. Right. But I mean, we do get people convicted based on less than a confession. Yeah, but I think, at best, his video shows in hindsight that he regretted how it looked. And he said he looked very bad and was a little ambiguous. He didn't even say that one would understand that to be a request for a nude photo. But getting back to the opinion, these people did not testify as experts. It would not have been difficult to do so. And by the way, of course, the state would also have to give advance notice. The trial court at one point said an objection was well taken because the defense counsel would have liked to know about the investigations that the principal had engaged in so he could have a discovery on it. So it wouldn't be difficult for them to do that. But they didn't do that. The evidence is common knowledge within people who use Snapchat, like Justice Doherty. I'm really hesitant to try to read anything about technology and assume anything from it because I don't know anything about it. I don't even have social media of any kind. But according to the testimony, multiple witnesses acknowledged that this was a commonly understood term among people who use Snapchat that it means to send nudes. Why does that require expert testimony? And Counselor, remember, language is a very democratic thing, right? The dictionary doesn't establish the meaning of words. It captures how other people mean or use words. Isn't that what we've got here? That some other folks have said this is how these words are used. Well, first of all, the KV and her friend never said this was commonly understood. They gave no basis at all. They just said, KV said, I took that to mean nude and Paige said that also. Okay, there's no evidence of why they came to that conclusion. Probably because, as the principal said, I've been using this media for quite some time now and I understand that in the Snapchat community, at least for the last 10 years, send means nudes. So once you've got that, why doesn't that tie it all up? Because that would be the expert testimony. This is a very specialized meaning for a phrase and the principal was not qualified. You can complete your answer, Counselor. Oh, I'm sorry. That was my time up. Yeah, that is specialized knowledge. You look at Rule 701 and 702. Lay testimony cannot be based on specialized knowledge. It has to be expert testimony and she was not qualified as an expert. So I like to save a little time to rebuttal. Thank you. Thank you. All right, Mr. Manchin. Thank you, Honors. May it please the Court, Counsel. In this case, the defendant was proved guilty beyond a doubt of offensive grooming. Contrary to counsel's suggestion, the statute does not mean you have to specifically say, send me a picture of your genital area. I think the purpose of the case law says the purpose of the statute is to protect children and to say that if the defendant is cagey or uses euphemisms or beats around the bush, there's no crime. And it's only a crime if you use the specific language, show me a picture of your private parts. And I don't think that that's the way the statute should be interpreted and that's not the way it was interpreted. Let's put aside the idea that you have to say those words sexually. And I will agree with you that as in many circumstances, we look to inferentially what the meaning of the words are. But the question is here, inferential or explicit, doesn't it still have to request a photo of the sex organ? Well, the request for a nude, the jury could infer that since the person is nude, the sex organs are going to be displayed. What if he had asked for a picture of the victim's chest? Even if he explicitly asked for that, is that a violation of the statute? It seems just as inappropriate, but is it a violation of the statute? That might be more of a violation of a sexual exploitation of a child, which involves getting a child to remove their clothes for the sexual gratification of the child or the... Whether it's a violation of another statute, would it be a violation of this one? It could well be, depending upon the other circumstances. I think that in the Hubbell case, the request and the claim of the defendant was that since he showed a picture of his butt, that was what he was requesting. And the court says, no, we're not going to read that narrowly, that paragraph 17, grooming statute contemplates a broad set of circumstances under which the defendant can be determined to engage in active grooming. And that sitting in the photograph was just, if not a direct solicitation of the sex organs, was a first step in that process. So I think that same logic lies here. But the legislature knows how to do this when that's what they're prohibiting. Right? In the child pornography statute is genitals, pubic area, buttocks, breast. Why are we saying that a request for any nude is sufficient to transgress this statute when they've chosen that narrow definition of the prohibited photograph? Well, if we limit it to an express request for a picture of the genitals, we have eliminated the statute completely because there's no defendant is ever going to come out and blatantly say. I don't think anyone has suggested it has to be blatant or explicit. As we discussed a moment ago, it can certainly be implicit. Yeah. And I think. Why wouldn't the legislature? Does it just not matter that they didn't include those other terms? I'm just saying that in this particular case, the request for the sex organs was implicit in the request for a nude because requesting a total body shot will include that part of the body. It might. It doesn't necessarily. But again, he doesn't have to receive the photograph and it just has to be an attempt to get a solicitation. I agree. And that's I think that it gets down to could a reasonable jury or a reasonable trier of fact looking at this information, could they infer from all the evidence that this was a request for photographs of photographs of nude in general and these body parts in particular under the reasoning of Hubble? And as far as the. Where does that reasoning come from in Hubble, where they say, well, this might be a first step? Um, it seems to me that in other contexts, we don't criminalize the first step unless it's an attempt, a specific attempt, and there would have to be very specific intent behind that. I mean, I think maybe that first maybe that first text late in the evening was the first step, but I don't know anyone would say that's criminal. The first one by itself, but when you get the other three, other three or four that go along with it, then you're coming under the statute. The I think grooming statute arose from situations where. An adult was trying to persuade a child to engage in sexual activity with them, and the photographs and stuff that was just. One step in that process of getting the child ready to engage in sexual activities. So you're answering the question I asked opposing counsel earlier. Yeah, what is that? What is the grooming is the can the photo itself? Be the grooming rather than the object of the grooming. I, I think it's 1 in the same that the photograph or asking for the photograph. Is the process of the grooming just. I don't I just don't I don't know how to is the end of that road is the end of that road. The receipt of the photograph, or is it the photograph is a step on a road to some other offense? I think the asking for the photograph is the is it for the statute. But the statute was was was aimed at the other problem of how to get at this problem of an adult. Soliciting photographs from a child as in a process of getting them used to being. Naked and used to be, you know, so that this was. A way to stop the whole thing at an earlier stage of the proceedings, so it's doesn't the statute specifically break out the different types of. Of ultimate goal that might exist. And that's correct. 1st, that you're doing it with intent to commit any sex as any sex offenses defined by section 2 of the Sex Offender Registration Act. 2nd is to distribute photographs depicting the sex origin of the child or 3rd otherwise engage in any unlawful sexual conduct with a child or with any other person believed. To be the child. So the grooming statute. Is is based primarily upon the prefatory conduct intended to get to these any 1 of these ultimate goals? Wouldn't that be fair?  OK, and obviously, just like in many other offenses, you have to look at this. The nature of the offense based upon the context in which. Communications occur. True, correct? OK, so if you can establish a sufficient foundation that the. Obvious that the apparent purpose. Goal or intent of these communications is to obtain any 1 of these 3 alternatives that would constitute the offensive grooming. Correct. OK. And I think the evidence here showed that we have the timing of photographs. The use of Snapchat designed to disappear within a certain amount of time and the photographs. That they took of the screen show the little clock up in the corner showing that the that it was in fact intended to disappear and it didn't disappear only because the victim KV. Took a picture of this took this picture of the screen. You have the defendant statements where he dances around the question. Officers questions and admits that. He what he said would be would be taken wrongly, and there was no other way to take it. I think that also goes to the question of the intent to. Solicit these photographs. So I think the evidence is sufficient to support the verdict with respect to the testimony. This is not. Expert testimony, this is not a esoteric thing like fingerprints or blood alcohol or DNA. It's common knowledge among people that use this type of thing that certain phrases have certain meanings and this these phrases that were used by the defendant has this specific meaning that was within their personal knowledge. This is not. Based on any study of the Internet, it's just that they viewed it and they've seen this and they know that's what it means. I'm like your honor, I do not use. Media and I only know a few of the. There's a joke that somebody uses LOL to mean love. Lots of love and stuff. Laugh out loud. I mean, so it is there, but there are just common meanings for common phrases. And that's what they were testing to their personal knowledge of the common phrases. It's like the officer talking to testifying as to his personal knowledge of slang used in the. Uh, uh, in the drug trade. If this is understood as a a common habit or as a routine practice of people using Snapchat on the Internet, why would it not qualify under Illinois rule of evidence? 406 is habit or routine practice. And not even lay witness. Frankly, I never thought of that. Uh, it could could well be, uh, and as far as. The the witnesses were not required to know. Specifically how defendant himself uses the term. Send. Because there's, uh, because there is a common phrase that is that everybody, you know, everybody in the world knows LOL means laugh out loud. So if you see that on there, you know what that it means. With even if the defendant actually means love you lots of love. They can testify to your personal knowledge of what that phrase, uh. That phrase or that, uh, uh, symbol means. Without knowing the defense specific use of that term. And the case is the only cases defendant sites for. Needing to have knowledge of the defendants personal use of the term are federal cases that. Don't apply and don't need to be followed in this in this state. And are contrary to decisions of the courts in this state. I think that the, uh, under the abuse of discretion standard. For admission of evidence is, uh, is the trial courts decision arbitrary, unreasonable. Or no reasonable person would agree with it. And if reasonable minds can disagree, there is no abuse of discretion. And this is not. Expert testimony. It does not need expert testimony. Anybody that is familiar with using. Uh, media and is familiar with the vernacular or the jargon. And it uses that in their own daily life, or has seemed to use their only daily life can. Testify to that. So, I don't think there was any abuse of discretion in admitting the. Witnesses testimony as to what. Send means in the context of the series of photo of text that the defendant sent. And the 1st, can I bring you back to the 1st issue?  I want you to assume that the 1138 PM text was. Send me a photo. Which I think is patently inappropriate for for a grown man, especially a teacher to be. Sending and requesting of a student. Does it violate the statute? Would we look at that and say, well, that's the 1st step and getting a new photo or getting a photo of sex organs. I don't think just. Off the top of my head, I do not think that just asking for just a photograph would be. But when you're asking for nudes, I think it is because nudes would include the. Photograph of the forbidden body parts. And then some. And then some, yes, you've got. And you also have not only the timing, but the I think the court might have referred. I think the court might have refused to refer to the defendants. Statements as being a cutesy way of using the language sort of. Backhanded or underhanded or beating around the bush rather than getting directly out to saying it. The that. Shifty way, I put it in my terms and put it in the shifty way he's asking for that. The photographs, I think also. Leads to the support, the conclusion that this is not. An innocent request for her graduation photograph, but it is, in fact, an attempt to solicit. The pictures of their body parts that are forbidden by the statute. If there are no further questions, I will stand on my brief with respect to the other issues. All right, thank you. Mr. Manchin is really your rebuttal. Asking for a photo is the offense. The statute doesn't say it has to be step in a process to eventually get sexual conduct. If you ask for a photo of a breast, that is not a violation of the grooming statute. Of course not. It is limited to a certain type of photo. Your honor also mentioned child pornography statute. There's also language in the definition of sexual activity in the statute concerning sexually explicit digitized depictions uses the same language as the definition of sexual conduct, sex organs, anus, or breast of the victim. Of course, the legislature knows how to do this, as you said. Council argues that under this argument, we've eliminated the statute. We are enforcing it as written. We cannot rewrite the statute to include other things that are incorporated because grooming is considered a broad topic. They specified the different categories, and there's only one category involving a photo, and that photo is only of one specific thing. It did this in response to a problem it saw in the world with children. As far as the facts, he didn't ask for a request for a total body shot. Of course, you ask for a nude. It could be anything. It could not include the prohibited sex organ depiction. As far as specialized knowledge, it's kind of ironic. Some of us here don't even use these platforms, and yet we're saying, well, this isn't specialized. This is common. It may be common among a subset of people, but at any trial, you would have to explain the basis for your expert opinion on this. Well, wouldn't a gang member testifying be able to say, yeah, this is what we mean by X? We, in terms of somebody in their gang, then that would be based on perception, but if somebody else is testifying about what somebody else means, like this teacher who has had no contact, or rather the principal has had no contact or experience with Wallace in him using those terms, then that's expert testimony. It's not a hard thing to do. No one testified to what he meant. They just testified to what that term means within their commonly understood jargon used on the internet and Snapchat. Now, then it's up to the fact finder to determine whether that's relevant in assessing what the defendant's intent was. But are they allowed, what are the circumstances they're allowed to testify to that? Either comes in as expert testimony, or it comes in as a lay testimony. No one was qualified as an expert here. There was no notice that these people would testify as experts. The kids never testified to any basis. They never even used words like commonly understood. They just said, this is how I understood it. For all we know, the friend said, to me, it meant a nude, because my KV told me that. We don't know, have any idea, and we can't speculate, the breadth of their knowledge or their experience, and they never said it was common knowledge. If it's otherwise admissible, and if it's otherwise admissible under habit or routine practice under Rule 406, we're allowed to consider that. Well, I haven't researched that. If you want me to do some supplemental briefing on that, but there's no evidence here that the defendant was a habit that he used this phrase. I mean, this is specialized knowledge. Yes, some people know LOL. I remember when I first learned what that was. There's some point you have to learn these phrases. Language is a funny thing. At some point, in general language, can you say most people would know this word, but there's still people who don't know what LOL is. But regardless, this is not LOL. This is send me a nude picture. I don't know how more specialized you can get, and the state did not do its job here. It did not elicit the qualifications of these witnesses to testify to that, and interestingly, the trial court refused to let the officer testify about this. She wasn't an expert, so to me, the rulings were all over the place. It wouldn't have been difficult to do. It wasn't done, and we can't speculate that they could have done so. So, in conclusion, the state didn't prove the essential element, and the court should reverse the conviction and alternatively remand for a new trial based on issue two or three. Thank you very much. All right. Thank you to both counsel. Appreciate your arguments. We will take the matter under advisement and issue a decision in due course.